**UNITED STATES of America, Appellee**

v.

**Ali Mohamed ALI, Appellant.**

**No. 12–3001.**

United States Court of Appeals, District of Columbia Circuit.

March 14, 2012.

Peter S. Smith, Assistant U.S. Roy W. Mcleese, III, Esquire, Assistant U.S. Attorney's Office, Washington, DC, for Appellee.

Noah Anthony Clements, The Clements Firm, Washington, DC, Timothy Ryan Clinton, Matthew Peed, Clinton & Peed PLLC Washington, DC, for Appellant.

BEFORE: HENDERSON, TATEL, and BROWN, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of the parties. The court has determined that the issues presented occasion no need for an opinion. *See* D.C.Cir. Rule 36(b). It is

**ORDERED AND ADJUDGED** that the district court's December 21, 2012 order denying appellant's renewed motion for pretrial release be affirmed. Appellant has been indicted for an offense that triggers a statutory presumption in favor of detention. *See* 18 U.S.C. § 3142(e)(3). The government proffered evidence that

appellant engaged in offenses of piracy and hostage taking, which carry a potential life sentence upon conviction. Although appellant presented rebuttal evidence, the district court did not commit reversible error in determining that no conditions or combinations of conditions will reasonably assure appellant's appearance if appellant is released. *Id.* § 3142(e). In addition, given the seriousness and circumstances of the alleged offenses, appellant has not established a due process violation based upon the length of pretrial detention. *See generally United States v. Salerno,* 481 U.S. 739, 747 n. 4, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); *see also U.S. v. El–Gabrowny,* 35 F.3d 63, 64 (2d Cir.1994) (pretrial detention for over 18 months, which was expected to last total of 27 months before conclusion of trial, did not violate the suspect's due process rights, in light of seriousness of charges and complexity of the case).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. Rule 41.