**UNITED STATES of America, Appellant**

v.

**ALI Mohamed ALI, also known as Ahmed Ali Adan, also known as Ismail Ali, Appellee.**

**No. 13–3082.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 13, 2013.

Peter S. Smith, Elizabeth Trosman, Esquire, U.S. Attorney's Office, Washington, DC, for Appellant.

Timothy Ryan Clinton, Matthew Peed, CLinton Brook & Peed, Washington, DC, for Appellee.

BEFORE: HENDERSON, GRIFFITH, and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of the parties and the briefs of amici curiae. The court has determined that the issues presented occasion no need for an opinion. *See* D.C.Cir. Rule 36(c). It is

**ORDERED AND ADJUDGED** that the district court's September 5, 2013 order releasing appellee to home confinement be reversed. This court previously affirmed the district court's December 21, 2011 order determining that no condition or combinations of conditions will reasonably assure appellee's appearance if he is released. *See United States v. Ali,* 459 Fed.Appx. 2 (D.C.Cir.2012). This court also reversed the district court's July 24, 2012 order releasing appellee to home confinement. *See United States v. Ali,* 473 Fed.Appx. 6 (D.C.Cir.2012). Except for the passage of time, which is primarily attributable to the appellant's successful appeal and the appellee's petition for rehearing en banc in No. 12–3056, *United States v. Ali,* the underlying reasons for this court's prior decisions remain substantially unchanged. Under the circumstances, and in light of the fact that appellee's trial is scheduled to begin next month, the length of appellee's pretrial detention does not violate due process. *See generally United States v. Salerno,* 481 U.S. 739, 747 n. 4, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.